**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ROBERT HARRISON**                                                      **PETITIONER**
**ADC #153890**

**VS.**                          **NO. 4:23-cv-00526-BSM-ERE**

**DEXTER PAYNE,**
**Director Arkansas Division of Correction**                      **RESPONDENT**

**RECOMMENDED DISPOSITION**

This Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. Your objections must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Miller may adopt this Recommendation without independently reviewing the record.

**I.      Background**

On June 7, 2023, Robert Harrison, an inmate at the Varner Supermax Unit of the Arkansas Division of Correction, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. *Doc. 1*. However, Mr. Harrison failed to submit the filing fee or an application to proceed *in forma pauperis* ("IFP") with his petition. Additionally,

his petition failed to specify a single ground for relief, state the relief requested, and was not signed under penalty of perjury.[1]

In a June 8, 2023, Order, the Court gave Mr. Harrison until Monday, July 10, 2023, to file a completed IFP application, including the certificate of prisoner accounts, or pay the $5.00 filing fee; and to file an amended petition using the court-approved form for § 2554 habeas petitions (Form AO 241) clearly setting forth each asserted ground for relief. *Doc. 2.* The Court specifically advised Mr. Harrison that failure to comply with the order would result in dismissal of his case, pursuant to Local Rule 5.5(c)(2).[2] *Id.*

---

[1]  Rule 2(c) of the Rules Governing § 2254 Cases provides that the petition must:
    (1) specify all the grounds for relief available to the petitioner;
    (2) state the facts supporting each ground;
    (3) state the relief requested;
    (4) be printed, typewritten, or legibly handwritten; and
    (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

[2]  As a *pro se* litigant, Mr. Harrison must comply with Rule 5.5(c)(2) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas, provides: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number.  *If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.* Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure." (emphasis added.)  *See also* Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); § 2254 Rule 12 (applicability of Federal Rules of Civil Procedure in habeas proceedings).

## II.    Conclusion

Mr. Harrison has failed to comply with the June 8, 2023, Order, and the time for doing so has passed.

IT IS THEREFORE RECOMMENDED that this case be dismissed, without prejudice, for failure to comply with the Court's June 8, 2023 Order and failure to prosecute this habeas action.

Dated 14 July 2023.

_____
UNITED STATES MAGISTRATE JUDGE

3